IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY BAYS (#13101-027), | § § § § § | |
| Plaintiff, | | |
| V. | § § § | No. 3:15-cv-1824-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTIONS TO DISMISS AND TO CONTINUE TO PROSECUTE**

This case has been referred to the undersigned United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

Plaintiff Barry Bays, in the custody of the Bureau of Prisons, has been granted leave to proceed *in forma pauperis* ("IFP") pursuant the Prison Litigation Reform Act of 1996 (the "PLRA"). *See* Dkt. No. 7.

On July 7, 2015, the Court received his "motion requesting dismissal of civil action" (the "motion to dismiss"). *See* Dkt. No. 11.

While Plaintiff's complaint has been ordered served, *see* Dkt. No. 8, the summons return executed as to Defendant United States of America reflects a service date of July 10, 2015, *see* Dkt. No. 12. Thus, the deadline for Defendant to file a response had not run, much less had Defendant served an answer or motion for summary judgment, by the time Plaintiff filed his motion. Accordingly, the Court could

have construed Plaintiff's motion to dismiss as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 411 (S.D. Tex. 2011) ("Although styled a 'motion to dismiss,' Plaintiff's ... filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment." (citing *Matthews*, 902 F.2d at 880)); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("At the time plaintiffs filed their motion to dismiss the case was effectively terminated.").

But Plaintiff's motion to dismiss appeared to condition his voluntary dismissal of this action on the Court excusing him from having to pay the $350.00 filing fee in full. *See* Dkt. No. 11 at 2 ("The Plaintiff would rather have the civil case and action dismissed providing that I will not be charged the $350.00 filing fee as well as [the Court] sending an order to FCI Hazelton stopping anymore [payments] from [Plaintiff's] account.").

As the Court noted in an order entered July 21, 2015 [Dkt. No. 13], the United States of the Court of Appeals for the Fifth Circuit has held that

> [a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary

> dismissal. *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) ("[W]e hold that the plain language of the PLRA requires that appellate fees be assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed."); *McGore[ v. Wrigglesworth]*, 114 F.3d [601,] 607 [(6th Cir. 1997)].

*Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam); *see Franklin v. Rodriguez*, 61 F. App'x 917, 2003 WL 1098379, at *1 (5th Cir. Feb. 10, 2003) (per curiam) ("Given the benefit of liberal construction, Franklin erroneously maintains he was entitled to [ ] reimbursement [of court costs and fees] because he voluntarily dismissed his 42 U.S.C. § 1983 action." (citations omitted)); *see also Leaston v. UMASS Corr. Health Care*, Civ. A. No. 14-12785-GAO, 2015 WL 4249127, at *2 (D. Mass. July 14, 2015) ("The PLRA has 'change[d] the meaning of *in forma pauperis*' for prisoners. *Wooten v. District of Columbia Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid 'up-front' or whether the fee may be paid in installments through the inmate's prison account. *McGore*, 114 F.3d at 604. 'Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.' *Id.* at 607." (internal citation modified)).

The Court also noted, moreover, that – while this civil action was opened because Plaintiff filed his Federal Rule of Criminal Procedure 41(g) motion in his criminal action after those proceedings while concluded in this Court, *see* Dkt. No. 3 – even if the Court had considered the motion in the criminal action, the motion itself

still would have been subject to the PLRA. *See Peña v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997) ("If Peña's action actually is a rule 41(e) motion, it still is a civil action within the meaning of the PLRA, despite its placement in the Rules of Criminal Procedure. A motion for the return of seized property is a suit against the United States for property or money. As a common sense matter, this is a civil proceeding. Even when we have applied rule 41(e) to such an action, we have held that the proceeding is civil in nature. Therefore, Peña's action, whether a rule 41(e) motion or a § 1331 action, qualifies as a civil action." (footnotes omitted).[1]

Plaintiff, therefore, was granted leave to file a written response, no later than August 21, 2015, to confirm whether he still wished to proceed with the voluntary dismissal of this action – even though he would not be excused from having to pay the filing fee in full. And the Court stayed Defendant's obligation to respond to the complaint until further order. *See* Dkt. No. 13.

Plaintiff has now filed a response, docketed as a motion, confirming his desire to continue to prosecute this action (the "motion to continue"). *See* Dkt. No. 14.

Accordingly, the Court determines that the motion to dismiss [Dkt. No. 11] is MOOT, the Clerk is requested to TERM the motion to continue [Dkt. No. 14], and the Defendant is ordered to respond to the construed civil complaint [Dkt. No. 4] no later than **September 8, 2015**.

SO ORDERED.

---

[1] Subsection (e) became subsection (g) as a result of 2002 Amendments to the Rule 41.

DATED: August 18, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-5-