IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BARRY BAYS                        §
(#13101-027),                     §
                                  §
          Plaintiff,              §
                                  §
V.                                §        No. 3:15-cv-1824-B-BN
                                  §
UNITED STATES OF AMERICA,         §
                                  §
          Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle. *See* Dkt. No. 18. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Plaintiff Barry Bays's Motion for Default Judgment [Dkt. No. 19].

**Applicable Background**

After Plaintiff indicated that he intended to continue to prosecute this civil action – following the Court's advisory that, even if he elected to voluntarily dismiss his action, he would still be obligated to pay the full filing fee assessed at the time he filed his construed civil complaint – the Court, on August 18, 2015, ordered the United States to respond to the complaint no later than September 8, 2015. *See* Dkt. No. 15. The United States inadvertently missed that deadline, and, on September 15, 2015, moved, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), for an extension of time.

*See* Dkt. No. 16. Finding excusable neglect for missing the previously imposed deadline, the Court granted the government's motion on September 16, 2015, and extended the response deadline to October 6, 2015. *See* Dkt. No. 17. Notably, Plaintiff's motion for default judgment discusses the conference the Assistant United States Attorney initiated with Plaintiff to attempt to obtain his consent to the government's motion for an extension of time to respond. *See* Dkt. No. 19 at 3.

The undersigned now concludes that the Court should deny the Motion for Default Judgment.

## Legal Standards and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011). As United States District Judge Barbara M.G. Lynn has explained,

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers,* 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at

*2-*3 (N.D. Tex. Jan. 14, 2013). Entry of default judgment is completely within the

Court's discretion. *See Lindsey,* 161 F.3d at 893. The Court appropriately enters default

judgment when a defendant fails to answer or otherwise refuses to obey court orders.

*See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

In addition, because, here, Plaintiff is seeking a judgment against the United States, "a default judgment may only be entered ... if [Plaintiff] establishes a claim or right to relief by evidence that satisfies the court." FED. R. CIV. P. 55(d).

> This Rule is intended to prevent the entry of a default judgment against the United States for procedural flaws. *Carroll v. Sec'y of Health, Educ. & Welfare,* 470 F.2d 252, 256 (5th Cir. 1972). There are numerous cases which hold that under this Rule, judgment cannot be entered against the government based solely on its failure to comply with civil rules.

*Arevalo v. United States,* Misc. No. 05-11, 2008 WL 3874795, at *6 (E.D. Penn. Aug. 20, 2008) (citations omitted); *cf. Molinar v. Coleman,* No. 3:08-cv-1430-M, 2009 WL 435274, at *2 (N.D. Tex. Feb. 20, 2009) ("The Court further determines that Defendant is not an agency of the United States, and therefore no additional proof is required to enter judgment by default under Rule 55(d).").

Plaintiff is not entitled to judgment by default. First, the Clerk did not enter default prior to Plaintiff's filing his motion for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.,* Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted,* 2010 WL 2360669 (W.D. La. June 9, 2010). More importantly, however, Plaintiff has not established a right to relief – through satisfactory evidence or otherwise. He has merely established that the United States inadvertently missed a procedural deadline and then acted promptly to remedy that mistake.

-4-

## Recommendation

The Motion for Default Judgment [Dkt. No. 19] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 24, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE