UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY BAYS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1824-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 32) regarding the Government's Motion for Partial Dismissal (Doc. 21). For the reasons that follow, the Court **ACCEPTS in part** and **DECLINES TO ACCEPT in part** the Magistrate Judge's Findings, Conclusions, and Recommendation, and accordingly **GRANTS in part** and **DENIES in part** the Government's Motion. The Court also **GRANTS** Bays leave to amend.

## I.

## BACKGROUND

In this case, Plaintiff Barry Bays, an inmate proceeding *pro se*, seeks the return of certain property purportedly held by the Drug Enforcement Agency (DEA) as part of a criminal case against him. *See* Doc. 4, Mot. to Release Seized Prop. The Government filed a combined Response and Motion for Partial Dismissal, in which it requests dismissal of Bays's claim to the extent he seeks the return of contraband and property that the Government either (1) does not possess, or (2) holds lawfully. Doc. 21, Gov't's Resp. to Mot. for Return of Prop., Mot. for Partial Dismissal and Br. in Supp. [hereinafter "Gov't's Mot. to Dismiss"]. Bays responded to the Government's Motion, and the

Government replied. Doc. 28, Pl.'s Written Resp.; Doc. 30, Def.'s Reply. The Court referred the pretrial management of this case to United States Magistrate Judge David Horan, *see* Doc. 18, Order Referring Case, who has issued his Findings, Conclusions, and Recommendations ("FCR") regarding the Motion. Doc. 32, FCR. Both parties filed objections to the FCR, meaning that it is now ready for the Court's review. *See* Doc. 34, Gov't's Objs.; Doc. 36, Pl.'s Objs.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) provides that within fourteen days after being served a copy of the Magistrate Judge's FCR, a party may file specific written objections. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "The district court must then 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' before accepting, rejecting, or modifying those findings or recommendations." *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004) (quoting 28 U.S.C. § 636(b)(1)).

## III.

## ANALYSIS

In the FCR, Judge Horan recommends that the Court (1) deny the Motion, and (2) grant Bays leave to amend his complaint to add a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Doc. 32, FCR 7–8. While the Court agrees with Judge Horan that Bays should be allowed to amend his complaint to bring a *Bivens* claim, it also determines, contrary to Judge Horan's recommendation, that the Government is entitled to summary judgment on most of Bay's claims.

A.      *The Government's Motion*

Bays's sole claim in this case is for the return of property under Federal Rule of Criminal Procedure 41(g). Doc. 4, Mot. to Release Seized Prop. Because his conviction is currently on direct appeal, the criminal proceeding has "not yet ended," meaning that Bays has the burden "to show that he . . . is entitled to the property."[1] *United States v. Oduu*, 564 F. App'x 127, 130–31 (5th Cir. 2014) (per curiam) (unpublished) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).

The Government divides the property that Bays requests into three categories: (1) contraband, forfeited property, and property that has continuing evidentiary value in his criminal case; (2) property that the Government does not possess; and (3) property that should be made available once Bays identifies a designee. Doc. 21, Gov't's Mot. to Dismiss 8–10. It argues that Bays is not entitled to the return of property in the first two categories, and it consents to an order requiring the return of property in the third. *Id.* The Government has also provided evidence as to the disposition of Bays's property. Doc. 22, Gov't's App. in Supp. Because the Government relies on evidence outside the pleadings, the Court must first determine whether to convert the Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Guiles v. Tarrant Cty. Bail Bond Bd.*, 456 F. App'x 485, 487 (5th Cir. 2012) (per curiam) (unpublished).

---

[1] Judge Horan reached the same conclusion, to which Bays has objected. Doc. 36, Pl.'s Objs. 1–2. Bays, however, has provided no legal authority for the proposition that "the Government's failure to follow [its] own established procedures" regarding filing applications for search warrants shifts the burden on a Rule 41(g) motion to the Government. Doc. 36, Pl.'s Objs. 1. Therefore, the Court overrules his objection.

1.  <u>Should the Court Treat the Government's Motion as a Motion for Summary Judgment?</u>

Before a court may convert a motion to dismiss into one for summary judgment, it must provide adequate notice to the parties. *Smith's Estate v. Tarrant Cty. Hosp. Dist.*, 691 F.2d 207, 208 (5th Cir. 1982). This does not, however, require that the Court give "express notice" that it intends to treat a motion to dismiss as a motion for summary judgment; instead, "the simple act of placing matters outside the pleadings before the court provides adequate notice that a motion to dismiss may be converted into a motion for summary judgment." *Mackey v. Owens*, 182 F.3d 915 (table), 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (per curiam) (unpublished); *see also Guiles*, 456 F. App'x at 487. By filing its Appendix, the Government did this. Therefore, Bays received adequate notice that the Court might convert the Government's Motion into one for summary judgment.[2]

Judge Horan recommends that the Court not exercise its discretion to convert the Motion, since the "[G]overnment's Rule 41(g) response/motion to dismiss, relying on the appendix filed in support of it, appears to provide some basis to believe that Bays may be able to state a plausible *Bivens* claim." Doc. 32, FCR 6. But a Rule 41(g) claim for the return of property is distinct from a *Bivens* claim for the destruction of property. *See Jaramillo-Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. 2010) (per curiam) (unpublished). Indeed, a *Bivens* claim can only arise if a party cannot prevail on a Rule 41(g) motion.[3] Thus, the fact that a *Bivens* claim may be available to Bays is not

---

[2] This rule has been applied in cases involving a *pro se* party. *See, e.g.*, *Harris v. Progressive Ins., Inc.*, No 3:13-CV-3983, 2014 WL 712446, at *2 (N.D. Tex. Feb. 24, 2014).

[3] This is not to say that filing a Rule 41(g) motion is a prerequisite to filing a *Bivens* claim based on the wrongful deprivation of seized property. Rather, the point is that if the property can be recovered on a Rule 41(g) motion, then there is no *Bivens* claim.

a reason to refrain from ruling on the Government's Motion, which pertains only to his Rule 41(g) claim. Accordingly, the Court will treat the Government's Motion as one for summary judgment.

    2.    <u>Is the Government Entitled to Summary Judgment?</u>

The next question for the Court is whether it should grant summary judgment on Bays's Rule 41(g) claim. Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.* at 322–23.

Once the summary judgment movant has met this burden, it falls to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (internal citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine*

*issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). In determining whether a genuine issue exists for trial, the Court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the Court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). If the non-movant is unable to make the required showing, the Court must grant summary judgment. *Little*, 37 F.3d at 1076.

The Government argues that most of the property Bays seeks to claim (1) is contraband or was forfeited; (2) has continuing evidentiary value; or (3) is no longer in the Government's possession, meaning that he is not entitled to its return. Doc. 21, Gov't's Mot. to Dismiss 8–10. A criminal defendant is not entitled to have contraband returned after the termination of criminal proceedings, *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304–05 (5th Cir. 1990), and Bays's remedy for the forfeited property was a direct appeal from the forfeiture proceedings. *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam) (unpublished). The Government may also retain seized property that still has evidentiary value. *See United States v. Dean*, 100 F.3d 19, 20 (5th Cir. 1996). Bays has provided no evidence showing that he is entitled to recover any of the property that the Government has identified as contraband or items with continuing evidentiary value. He has therefore failed to carry his burden, and may not recover that property.

Bays also cannot recover the property that the Government says it does not possess. "[T]he government cannot return property it does not possess," *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007), and Bays has not come forward with any evidence that the Government does in fact

possess the property at issue. Thus, Bays's motion must also be denied as to that property. *See Oduu*, 564 F. App'x at 130–31.

Last, the Government concedes that it does possess some property that Bays, through his designee, is entitled to recover. Doc. 21, Gov't's Mot. to Dismiss 9–10. Therefore, the Court will not dismiss Bays's motion as to that property.

B.     *Leave to Amend*

The issue remaining before the Court is whether it should grant Bays leave to amend his complaint to include a *Bivens* claim.[4] Judge Horan recommended that the Court grant leave, and the Government has objected. Doc. 32, FCR 6–8; Doc. 34, Gov't's Objs. 6–8. The Court concludes that it is proper to grant Bays leave to amend.

When the Government has disposed of property that a party may be entitled to reclaim, that party may have a *Bivens* claim. *See Jaramillo-Gonzalez*, 397 F. App'x at 981. A party is "not on notice of his potential *Bivens* claim until the Government confirm[s] the items sought to be returned ha[ve] been destroyed," *id.*, and "[w]here facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint." *Gomez v. United States*, No. 3:14-CV-3341, 2015 WL 3421045, at *6 (N.D. Tex. May 27, 2015). Here, the facts before the Court could give rise to a *Bivens* claim: the Government has admitted that it seized four Pirelli tires and rims from Bays's residence, but that these items are "lost or otherwise unaccounted for." Doc. 21, Gov't's Mot. to Dismiss 5; Doc. 22, Gov't's App. in Supp. 4. Other than the fact that it no longer possesses these items, the Government has not asserted that Bays is not entitled to their return. While the

---

[4] The fact that the Court has disposed of Bays's motion does not preclude allowing him to amend his complaint to state a *Bivens* claim. *See Jaramillo-Gonzalez*, 397 F. App'x at 981.

Government has not admitted to destroying the property, it has apparently disposed of it in such a way as to make it just as unrecoverable. Therefore, the Court concludes that Bays should be given leave to amend his complaint to include a *Bivens* claim based on the deprivation of this property.

IV.

CONCLUSION

Based on the foregoing, the Court **ACCEPTS in part** and **DECLINES TO ACCEPT in part** the Magistrate Judge's Findings, Conclusions, and Recommendation (Doc. 32), and **ORDERS** as follows:

1. The Government's Motion for Partial Dismissal, as converted to summary judgment (Doc. 21), is **GRANTED** as to the property identified by the Government as contraband or having continuing evidentiary value;

2. The Government's Motion for Partial Dismissal, as converted to summary judgment (Doc. 21), is **DENIED** as to the property that the Government has admitted should be made available to Bays's designee;

3. Bays is **GRANTED leave to amend** his complaint to include a *Bivens* claim; and

4. The Court **OVERRULES** the parties' remaining objections.

**SO ORDERED.**

**SIGNED: May 24, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE